IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS REY GONZALEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S LETTER REQUESTS FOR RELEASE<br><br><br>Case Nos. 2:09-CR-800 TS |

Defendant has filed several letter-requests asserting that he was sentenced to time served and requesting immediate release. He also requests an order expediting his removal. Because Defendant proceeds pro se, the Court construes his letter requests liberally.

On June 23, 2010, Defendant was sentenced to 8 months in the custody of the Bureau of Prisons (BOP). At the time of his arraignment, he was held in state custody. Calculation of time served, including any credit for time served on any state sentence, must be calculated by the BOP:

By statute, responsibility for the computation of the service of a sentence is

1

an administrative responsibility conferred upon the attorney general acting through the Bureau of Prisons. 18 U.S.C. § 3568. For this reason, and because the agency is in a superior position to investigate the facts, judicial intervention is usually deferred until administrative remedies have been exhausted.[1]

Thus, Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence. If he is not satisfied with the BOP's resolution of his request for time served he may raise the issue by filing a petition under 28 U.S.C. § 2241. The BOP's administrative resolution of his request should be attached to such a petition. Such petition must be filed in the judicial district where Defendant is held in custody (incarcerated) at the time such a Petition is filed. Finally, this Court has no jurisdiction at this time over the timing or enforcement of any removal proceedings. It is therefore

ORDERED that Defendant's letter Requests for immediate release are DENIED without prejudice for the failure to exhaust administrative remedies.

DATED October 28, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (citations omitted).